UNITED STATES for the Use and Benefit of SCHNEIDER, INC., a corporation, Individually, Plaintiff,

v.

RUST ENGINEERING COMPANY, a corporation and Travelers Indemnity Co., a corporation, Defendants.

Civ. A. No. 75–858.

United States District Court, W. D. Pennsylvania.

Nov. 3, 1976.

Richard G. Kotarba, Meyer, Unkovic & Scott, Pittsburgh, Pa., for plaintiff.

J. A. Katarincic, Kirkpatrick, Lockhart, Johnson & Hutchison, Pittsburgh, Pa., for defendants.

## MEMORANDUM TO COUNSEL

WEBER, District Judge.

The dispute over plaintiff's Motion to Compel Discovery, now before the Court, revolves mainly over whether defendant Rust should be required to individually number each of some 318,000 documents which it has made available to plaintiff in response to plaintiff's Interrogatories under the provision of Fed.R.Civ.P. 33(c). This rule permits a party to answer an interrogatory by specifying the records from which the answer may be derived or ascertained where the answer may be derived from such records and the burden of doing so is substantially the same for the party serving the interrogatory as for the answering party.

This suit is brought by Schneider, Inc. a subcontractor for the construction of a multi-million Coal-to-Gas Prototype Pilot Plant, against Rust Engineering Co., the general contractor for the project. The suit alleges that Schneider has not been paid for certain work it performed pursuant to the written subcontract agreement and numerous modifications and additions to it. The documents are generally comprised of purchase orders, invoices, and other correspondence, all relating to this construction project. They fill 91 file drawers which have been shipped to Pittsburgh at defendant's expense, for the convenience of defendant's trial counsel as well as that of the plaintiff.

Defendant has prepared an index of the materials in these files, which appears to correspond to the individual files in each drawer. The contents of the files are for the most part in the order they were kept by the defendant for its business purposes. The files are identified by descriptions such as "Correspondence—Punch Lists 10/10/74—1/3/75", "Day File April 1974", and "3,1601—Telephone Log." In addition to the general index referred to previously, defendant has provided at least one other index, a Purchase Order Index consisting of 41 pages and listing purchase orders first numerically and second alphabetically by vendor. Such descriptions, with the indexes, identify each file uniquely, although an attorney not intimately familiar with the contents of the file would have difficulty in grasping the contents and relevance of a file from that description alone. The defendant's answers to the plaintiff's interrogatories direct plaintiff to specific files which purportedly contain the documents requested. Each such file may contain anywhere from a few to perhaps thousands of individual documents, and some of the interrogatory answers refer to dozens of files.

Defendant appears to have made available to plaintiff access to these documents in the same manner it uses them. Obviously, defendant has easier access to the documents through the knowledge of defendant's employees.

The main thrust of plaintiff's motion is that defendant should be further required to identify the documents by individually numbering them. Obviously, it is not sufficient under Rule 33(c) simply to point to all records; rather, the party must "specify" the records from which the answer may be derived. Nor, on the other hand, can an interrogating party put an "undue burden or expense" on the other party, contrary to the standards in Rule 26(c), Fed.R.Civ.P.

We do not think that defendant has failed to identify adequately the appropriate documents, as plaintiff has not substantiated their blanket condemnation of defendant's answers to the First Set of Interrogatories which plaintiff characterizes as "vague, evasive, incomplete" and failing to identify specific documents. To some extent the answers reflect the broad scope of the questions. In the absence of specific objections to specific answers to interrogatories, the court will not require further answers by defendants or strike the present answers as plaintiff requests.

The question remains, however, whether plaintiff can require defendant to

individually number the documents submitted for examination. The usefulness of having a uniform system of numbering the documents is apparent. Presently, when plaintiff's counsel have located documents they want copied, they attach paper clips to the documents and a clerk makes copies. This process requires extensive notes of what documents are requested, since several mistakes have been made and counsel wish to ascertain that all documents requested are copied. Naturally, later reference to such individual documents would also be simplified, as such matters as location in the file cabinets, date, sender, general content, and recipient of the document could be omitted. Further, as to documents examined but not copied, plaintiff's counsel wish to be able to ascertain at a later time that the document was examined by them and came from the file in which it was reported to repose.

While the usefulness of both numbering all documents and marking for identification is apparent, it is obviously a burdensome task. If we arbitrarily assume that a clerk could sort, number and re-file documents at the rate of one every two seconds, or thirty per minute, 177 hours would be required to number the estimated 318,000 documents, excluding cigarette and coffee breaks. Plaintiff gives two reasons why the burden of performing this task should fall on defendant.

First, counsel claim that defendant agreed to do it. The agreement is alleged to have arisen in the course of an earlier discovery dispute in which the parties played the reverse roles: defendant Rust sought extensive answers to interrogatories served on plaintiff. That dispute was resolved by an agreement that plaintiff would number all their documents, and the interrogatories would be considered sufficiently answered by reference to the specific numbers. Plaintiff thus numbered about 45,000 documents with a two-part number in its lower right-hand corner. The first digits refer to the request under which it was tendered, and the second digits, going from 0000 to 9999, indicated the individual docu-

ment. The correspondence regarding that agreement said nothing about the procedure to be followed in the future when plaintiff submitted its requests on defendant. Likewise, the transmittal letter accompanying plaintiff's interrogatories states:

> "[W]e, of course, will be amenable to a system similar to the one we are using in answering both interrogatories and requests."

This statement reveals no firm agreement on the part of the defendant, to whom the letter was sent, to follow the identical procedure. Defendant has chosen to use the above described procedure method to identify the documents. Secondly, plaintiff asserts its right to discovery and the inadequacy of the responses to their interrogatories. While we did not require the parties to submit briefs, we note that we have been shown no authority for requiring a party to number its documents, and the court knows of none. The batches of documents have been identified as a group, and while processing the documents may be expedited by a numbering system, it would not specify the documents any better if defendant were to say "Documents No. 28–001 through 28–05000", rather than indicate the files which contain those same 5,000 documents.

As a practical matter, we see no harm in allowing plaintiff to number or mark these documents in some neat and systematic way, and while we will not require defendant to bear the burden of numbering the documents, the court will allow plaintiff to do so. The numbering should be done by a mechanical numbering device such as was used on plaintiff's exhibits. Plaintiff need not proceed on an all or nothing basis, but may number such files as they believe appropriate for later identification. Consideration should be given to using numbers different from those on plaintiff's exhibits or to marking the exhibits in a different location so that plaintiff's and defendant's documents will not later be confused. If plaintiff wishes each document marked solely for the purpose of guaranteeing that it was among those provided for inspection

by defendant, a simple brand or mark on each document could be applied in a short time in the process of original examination. A mark stamp in ink visible under ultra-violet light would serve the purpose.

### ORDER

In accordance with the foregoing Memorandum, Plaintiff's Motion to Compel Discovery is DENIED, without prejudice to its right to renew the motion with respect to individual interrogatories.